THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

FILED

MAR 24 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

APRIL LIZETTE RODRIGUEZ-GUERRERO,

Plaintiff,

v.

CAPITAL ONE, N.A.;

RESURGENT CAPITAL SERVICES, L.P.;

LVNV FUNDING LLC;

SCOTT & ASSOCIATES, P.C.;

Defendants.

Civil Action No.: _____

SA26CA1888

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff APRIL LIZETTE RODRIGUEZ-GUERRERO ("Plaintiff"), proceeding pro se, files this Original Complaint and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

2. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Atascosa County, Texas.

### II. PARTIES

4. Plaintiff APRIL LIZETTE RODRIGUEZ-GUERRERO is a natural person and resident of Pleasanton, Texas.

5. Defendant CAPITAL ONE, N.A. is a national banking association engaged in consumer credit reporting and furnishing.

6. Defendant RESURGENT CAPITAL SERVICES, L.P. is a debt collector as defined by 15 U.S.C. § 1692a.

7. Defendant LVNV FUNDING LLC is a purchaser of consumer debt and debt collector.

8. Defendant SCOTT & ASSOCIATES, P.C. is a law firm engaged in consumer debt collection litigation.

III. FACTUAL ALLEGATIONS

9. Defendants reported and attempted to collect an alleged consumer debt associated with Plaintiff.

10. Plaintiff disputed the alleged debt multiple times in writing and requested validation, investigation, and correction of the reporting.

11. Plaintiff provided identifying documentation and written disputes sufficient to trigger Defendants' statutory duties under federal law.

12. Despite receipt of Plaintiff's disputes, Defendants continued to report the account and pursue collection activity.

13. Defendants failed to conduct a reasonable investigation and failed to correct or delete inaccurate information.

14. The underlying collection lawsuit filed by or on behalf of Defendants (Cause No. CV250228) was dismissed without prejudice on January 22, 2026, by the Atascosa County Justice Court after Plaintiff in that action failed to appear and prosecute its claim.

15. Despite the dismissal of the lawsuit for want of prosecution, Defendants continued collection efforts against Plaintiff, including further communications and attempts to enforce the alleged debt without obtaining any judgment or providing competent admissible evidence establishing the validity of the obligation.

16. Plaintiff incurred additional harm as a direct result of Defendants' actions, including the unnecessary expenditure of time and resources required to appear in court and defend against a claim that was not prosecuted. Plaintiff was required to

be present at the courthouse for approximately four (4) hours, resulting in measurable economic loss and disruption.

17. Defendants' continued collection activity following dismissal, combined with their failure to substantiate the alleged debt, constitutes willful, negligent, and reckless disregard for Plaintiff's rights under applicable federal law.

18. Defendants' conduct caused Plaintiff substantial financial injury, reputational harm, emotional distress, loss of time, and impairment of credit standing.

IV. CLAIMS FOR RELIEF

19. Defendants' conduct constitutes violations of federal consumer protection laws, including, but not limited to, the following unlawful acts:

a. Defamation through false and inaccurate credit reporting;

b. Failure to conduct a reasonable investigation and to correct or delete disputed information after notice;

c. Unlawful debt collection practices;

d. Fraudulent and deceptive conduct, including the transfer, furnishing, and attempted enforcement of an alleged debt that Defendants knew or should have known was disputed, inaccurate, incomplete, or unverified, resulting in false representations to third parties and improper legal action against Plaintiff.

V. DAMAGES

20. As a direct and proximate result of Defendants' prolonged, coordinated, and willful misconduct, Plaintiff has suffered substantial and ongoing harm.

21. Defendants' actions were not isolated or accidental, but involved repeated failures to investigate disputes and reckless disregard for Plaintiff's rights.

22. Plaintiff has suffered damages including:

a. Severe damage to credit reputation;

b. Loss of access to credit and financial opportunities;

c. Emotional distress and anxiety;

d. Reputational harm;

e. Substantial time and expense..

23. Plaintiff seeks damages in an amount to be determined by the trier of fact, including but not limited to an amount currently estimated at Seventy-Seven Million Dollars ($77,000,000).

24. Plaintiff seeks all damages authorized by law, including actual, statutory, punitive, and injunctive relief.

VI. JURY DEMAND

25. Plaintiff demands a trial by jury on all issues so triable.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages as provided by law;

c. Punitive damages sufficient to punish and deter Defendants' conduct;

d. Injunctive relief requiring the correction and deletion of inaccurate credit reporting;

e. An award of all costs of litigation, including filing fees, service fees, and any other allowable expenses;

f. Any additional relief the Court deems just and proper.


Respectfully submitted,


APRIL LIZETTE RODRIGUEZ-GUERRERO

Plaintiff, Pro Se

150 Rooster Dr

Pleasanton, TX 78064

Signature: _April f Rd-Juerrero._

Date: _3/24/26_