**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **APRIL LIZETTE RODRIGUEZ-GUERRERO,** | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CASE NO. 5:26-cv-01888-FB-ESC** |
| **CAPITAL ONE, N.A.;** | § § | |
| **RESURGENT CAPITAL SERVICES, L.P.;** | § § § | |
| **LVNV FUNDING LLC;** | § § | |
| **SCOTT & ASSOCIATES, P.C.;** | § § | |
| **Defendants.** | § § | |

**DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS THE ORIGINAL**
**COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

Defendant Capital One, N.A. ("Capital One"), hereby moves to dismiss the Original Complaint (Doc. 1) (the "Complaint" or "Compl.") filed by Plaintiff April Lizette Rodriguez-Guerrero ("Plaintiff") in the above-captioned matter pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

I.      **INTRODUCTION**

Plaintiff's Complaint is devoid of factual allegations sufficient to state a claim and fails to state a claim upon which may be granted as to Capital One under the federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), the Fair Debt Collection Practices Act, codified at 15 U.S.C. §§ 1692 et seq. ("FDCPA"), or any claim under Texas law.

Taking the sparsely pled allegations in the light most favorable to Plaintiff, the gravamen of Plaintiff's Complaint is that Capital One allegedly reported information about a consumer debt that she disputed in writing. However, Plaintiff fails to allege to whom Capital One reported the debt or on what basis Plaintiff disputed the debt. Likewise, the Complaint is devoid of factual allegations identifying to whom or when she sent the alleged written disputes, nor does it attach any such alleged writings. Plaintiff also alleges that Capital One brought a collection action against her in Atascosa County Justice Court. Plaintiff concedes there was no merits determination; rather, the collection action was dismissed without prejudice.

Against this backdrop, Plaintiff purports to bring four claims against Capital One for (1) violation of the FCRA, (2) violation of the FDCPA, (3) defamation and (4) fraudulent and deceptive conduct. Each of these claims fails as a matter of law. First, Plaintiff's FCRA claim fails as a matter of law because she failed to allege that she sent a dispute to a credit reporting agency ("CRA") and that the CRA subsequently sent notice of the dispute to Capital One. Accordingly, the Complaint fails to meet the FCRA's threshold pleading requirements. Second, Plaintiff's FDCPA claim fails as a matter of law because Capital One is not a "debt collector," as defined by the statute. Therefore, the FDCPA does not apply to Capital One. Third, Plaintiff's defamation claim is expressly preempted by the FCRA. Even if the claim were exempted from federal preemption (it is not), Plaintiff fails to allege facts sufficient to satisfy the elements of a defamation claim under Texas law. Finally, Plaintiff's remaining state-law claim for "fraudulent and deceptive conduct" is preempted by federal law and furthermore fails to meet FRCP Rule 9(b)'s heightened pleading standard.

As set forth in greater detail below, the Court should, respectfully, grant Capital One's Motion to Dismiss, and dismiss the Complaint with prejudice.

2

## II.    STATEMENT OF FACTS

Plaintiff alleges that Capital One "is a national banking association engaged in consumer credit reporting and furnishing." Compl., ¶ 5.  As alleged, Defendants "reported and attempted to collect an alleged consumer debt associated with Plaintiff."  *Id.*, ¶ 9.  Despite receiving Plaintiff's disputes, Defendants allegedly "failed to conduct a reasonable investigation and failed to correct or delete inaccurate information." *Id.*, ¶ 13.

Capital One brought a collection action against Plaintiff in the Atascosa County Justice Court, which "was dismissed without prejudice on January 22, 2026." Compl., ¶ 14.  Through its Original Petition, Capital One sought to collect an outstanding debt in the amount of $6,282.67 on account ending in -9048, which was alleged to be in default.[1]  Plaintiff complains that Defendants "continued collection efforts against Plaintiff" after the dismissal without prejudice of the collection action. *Id.*, ¶ 15.   Plaintiff alleges she was harmed due to the "the unnecessary expenditure of time and resources required to appear in court and defend against a claim that was not prosecuted." *Id.*, ¶ 16.   Plaintiff further alleges that "Defendants' conduct caused Plaintiff substantial financial injury, reputational harm, emotional distress, loss of time, and impairment of credit standing." *Id.*, ¶ 18.

Plaintiff asserts that Capital One violated "federal consumer protection laws," as follows:

a.   Defamation through false and inaccurate credit reporting;

b.   Failure to conduct a reasonable investigation and to correct or delete disputed information after notice;

c.   Unlawful debt collection practices;

d.   Fraudulent and deceptive conduct.

---

[1] Capital One hereby requests that the Court take judicial notice of the Original Petition filed in the Atascosa County Justice Court, Case Number CV250228, attached hereto as **Exhibit A**.  *See* Fed. R. Evid. 201(c); *Ferguson v. Extraco Mortg. Co*., 264 Fed.App'x 351, (5th Cir. 2007) (explaining that a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings).

Compl., ¶ 19.  Plaintiff seeks to recover $77,000,000, as well as "actual, statutory, [and] punitive [damages], and injunctive relief." *Id.*, ¶¶ 23-24.

### III.   <u>LEGAL STANDARD</u>

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires that Plaintiff "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Notwithstanding the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated Gen'l Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Furthermore, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 676-78.  "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).  Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Id.*  Further, the factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009).

**IV.**   **PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST CAPITAL ONE.**

**A.** ***Plaintiff Fails to Allege Facts Sufficient to State a Claim Against Capital One Under the FCRA.***

The FCRA provides consumers a private right of action for certain (but not all) violations of the statute against credit report users, "furnishers" of information and CRAs. *See* 15 U.S.C. §§ 1681 *et seq*. As Plaintiff concedes, Capital One was a "furnisher" of information under the FCRA, because it "engaged in consumer credit reporting and furnishing." Compl., ¶ 6. Here, Plaintiff fails to state a claim against Capital One for violation of section 1681s-2(b) because Plaintiff has not alleged that she submitted a dispute to the CRAs or that the CRAs sent Plaintiff's indirect dispute to Capital One, both of which must be alleged to state an FCRA claim.

Under Section 1681s-2(b) a furnisher's duties are only triggered when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed.App'x 744, 750 (10th Cir. 2009); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). After receiving notice of a dispute from a CRA, the furnisher must:

(A) conduct an investigation with respect to the disputed information.

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information … ; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1) …
  (i)  modify that item of information,
  (ii) delete that item of information, or

(iii)permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

A "furnisher's duty to investigate arises only after a [credit reporting agency] notifies the furnisher of a dispute and, conversely, does not arise when notice is provided directly from a consumer." *Willis v. Cap. One Corp.*, 611 Fed.App'x 500, 502 (10th Cir. 2015) (internal citations omitted); *see also Pinson*, *supra,* 316 Fed.App'x at 751 ("[T]he duties listed in § 1681s-2(b) arise only after the furnisher receives notice of a dispute from a [credit reporting agency]; notice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b) . . . ." (internal citations omitted)); *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (notice from a consumer reporting agency to the furnisher of information "is necessary to trigger the furnisher's duties under Section 1681s-2(b).").

Here, Plaintiff fails to allege that she sent a dispute to any CRA that subsequently sent notice of that dispute to Capital One.  *See generally* Compl.  On the contrary, Plaintiff's Complaint includes only conclusory allegations that she "disputed the alleged debt multiple times in writing" and "provided identifying documentation and written disputes sufficient to trigger Defendants' statutory duties under federal law." Compl., ¶¶ 10-11.  Indeed, the Complaint lacks any factual allegations to indicate to whom Plaintiff sent a dispute, when the dispute was sent, what was disputed and whether a CRA ever notified Capital One of the dispute. *See Hunsinger v. SKO Brenner Am., Inc.*, No. 2014 U.S. Dist. LEXIS 52029, at *7 (N.D. Tex. Apr. 15, 2014) ("[D]irect notification by the consumer does not trigger a furnishers duties under § 1681s-2(b)."); *Ashton v. Sallie Mae, Inc.,* 2010 U.S. Dist. LEXIS 22860, 2010 WL 850984, at *2 (N.D. Tex. Mar. 10, 2010) (dismissing Section 1681s-2(b) claim where plaintiff failed to allege furnisher of information received notice from credit reporting agency of a dispute).

Plaintiff has not stated a claim under Section 1681s-2(b), and this claim should be dismissed with prejudice.

### B. Plaintiff's FDCPA Claim Fails as a Matter of Law.

Plaintiff's FDCPA claim against Capital One fails because the statute does not apply to Capital One.  To be liable under the FDCPA, a defendant must fall within the definition of a "debt collector." *See* 15 U.S.C. §§ 1692 *et seq*.  The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added).  According to the FDCPA, "the term 'debt collector'…does not include…any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." 15 U.S.C. §1692a(6)(A); *see also Gowing v. Royal Bank of Canada*, 100 F.3d 962 (9th Cir. 1996) ("The Act exempts from its definition of debt collectors, 'any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor.' Because Royal Bank was collecting a debt on its own behalf, it was not a debt collector for the purposes of the FDCPA." (citation omitted)).

The law is well settled that creditors do not fall within the FDCPA's "debt collector" definition. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors...."); *Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) ("[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all."); *Aubert v. American Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt

7

collection ...are not subject to the" FDCPA.); *Wadlington v. Credit Acceptance Com.*, 76 F.3d 103, 106 (6th Cir. 1996) ("a debt collector does not include the consumer's creditors"); *Doherty v. Citibank (South Dakota) N.A.*, 375 F.Supp.2d 158, 161-62 (E.D.N.Y. 2005) (internal quotations and citation omitted) (a "plain reading of the statute reveals that generally, as a matter of law, creditors are not subject to the FDCPA").

Here, there is no dispute that Capital One is not a debt collector but, instead, the creditor for the Capital One account at issue. Indeed, Plaintiff references the "collection lawsuit" filed on behalf of Capital One in Atascosa County Justice Court, Cause No. CV250228. Compl, ¶ 14. Thus, the Complaint makes clear that Capital One is the creditor for the account at issue and does not qualify as a debt collector under the statute. Accordingly, the FDCPA claim against Capital One fails as a matter of law and should be dismissed with prejudice.

### C. Plaintiff's Defamation Claim is Expressly Preempted by the FCRA and Thus Fails as a Matter of Law.

Plaintiff purports to bring a claim for "Defamation through false and inaccurate credit reporting[.]" Compl., ¶ 19. It is well settled that any such claim is preempted by the FCRA. The FCRA is a comprehensive statutory structure meant to regulate all aspects of credit reporting. *See generally* 15 U.S.C. §§ 1681 *et seq.* "Under the doctrine of federal preemption, a federal law supersedes or supplants an inconsistent state law or regulation." *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016). The FCRA preempts certain state law claims by providing that:

> "[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."

*Decker v. Chipton-Ross, Inc.*, 2026 U.S. Dist. LEXIS 74891, at *9 (W.D. Tex. Mar. 20, 2026) (citing 15 U.S.C. § 1681h(e) and finding "defamation claim is preempted by the FCRA").

Accordingly, a state-law claim that is "based on a defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FCRA." *Davis v. Wells Fargo Bank, N.A.*, 976 F.Supp.2d 870, 883 (S.D. Tex. 2013).

Here, Plaintiff's Complaint is devoid of any factual allegations "showing that [Capital One's credit reporting was] made with malice or reckless disregard for the truth." *Id.* Accordingly, Plaintiff's defamation claim is preempted by the FCRA. *See Phap Anh Le v. Midland Credit Mgmt., Inc.*, 2025 U.S. Dist. LEXIS 221299, at *19 (W.D. Tex. Nov. 10, 2025) (finding conclusory allegations that defendant "knowingly and maliciously" published false statements "insufficient to plausibly state a defamation claim that is not preempted by the FCRA").

Even if Plaintiff's defamation claim were not preempted, the Complaint still lacks factual allegations sufficient to state a claim. To plead defamation under Texas law, a plaintiff must "show the defendant (1) published 'a false statement of fact to a third party,' (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases.'" *Parker v. Spotify, U.S.A., Inc.*, 569 F.Supp.3d 519, 528 (W. D. Tex. 2021) (quoting *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Here, Plaintiff alleges conclusorily that Defendants engaged in "false and inaccurate credit reporting[.]" *Id.*, ¶ 19.d. However, "conclusory allegations . . . [that] do not contain sufficient factual matter" regarding the alleged defamatory communications fail to satisfy the pleading standard and cannot survive a motion to dismiss. *See Roebuck v. Dothan Sec., Inc.*, 515 Fed.App'x 275, 280 (5th Cir. 2013). The Complaint is devoid of any facts that would shed light on what information Capital One reported. Likewise, Plaintiff makes no attempt to explain how the reported information was false. Moreover, Plaintiff fails to allege to whom Capital One reported the information. Thus, having failed to allege any facts to satisfy the basic elements of a defamation claim under Texas law, Plaintiff's claim fails as a matter

of law and should be dismissed.

### D. Plaintiff's Claim for Fraudulent and Deceptive Conduct Fails as a Matter of Law.

Plaintiff's claim for "[f]raudulent and deceptive conduct" fails as a matter of law for two reasons. First, Plaintiff's remaining state-law claims are preempted by the FCRA. In addition to the express preemption of defamation claims under 15 U.S.C. § 1681h(e), as discussed above in Section IV.C., the FCRA preempts other state law claims by providing that "[n]o requirement or prohibition may be imposed under the law of any State—(1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). Accordingly, a state-law claim that is "based on a defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FCRA." *Davis v. Wells Fargo Bank, N.A.*, 976 F.Supp.2d 870, 883 (S.D. Tex. 2013). Here, as pled, Plaintiff's claim is inextricably linked to Plaintiff's allegations that Capital One "furnish[ed]" information that it "knew or should have known was disputed, inaccurate, incomplete, or unverified, resulting in false representations to third parties. . . ." Compl., ¶19.d. Accordingly, the FCRA preempts Plaintiff's state-law claim for "[f]raudulent and deceptive conduct" and must be dismissed.

Second, even if Plaintiff could pursue such a claim, Plaintiff fails to satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Courts in the Fifth Circuit strictly interpret Rule 9(b) to require "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002); *Hennessy v. Grunt Style, LLC*, 2025 U.S. Dist. LEXIS 265213, at *6 (W.D. Tex. Dec. 22, 2025) (dismissing fraud claim for failure to meet Rule 9(b)'s heightened pleading

10

standard  Under Rule 9(b), a plaintiff must set forth the who, what, when, where, and how of the alleged fraud.  Fed. R. Civ. P. 9(b); *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010); *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997) ("[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

Here, the Complaint lacks factual allegations sufficient to meet the ordinary pleading standard, let alone this heightened pleading standard.  Instead, Plaintiff alleges vaguely that "Defendants continued collection efforts, including further communications and attempts to enforce the alleged debt without obtaining any judgment or providing admissible evidence establishing the validity of the obligation." Compl., ¶ 15.  Plaintiff fails to allege with any particularity what was communicated, who communicated it, when the communications were transmitted or why the purported communications were false.  This is patently insufficient. *See Harris-Gilchrease v. Cap. One Auto Fin.*, 2024 U.S. Dist. LEXIS 221946, at *11 (E.D. La. Dec. 9, 2024) (dismissing fraud claim against creditor where plaintiff "failed to plead the time, place, and contents of the alleged false misrepresentation . . . with particularity").  Furthermore, this Court should disregard Plaintiff's conclusory allegations that Defendants engaged in "the transfer, furnishing, and attempted enforcement of an alleged debt that Defendants knew or should have known was disputed, inaccurate, incomplete, or unverified[.]" Compl., ¶ 19.d.; *Hennessy*, 2025 U.S. Dist. LEXIS at *7 (dismissing fraud claim and noting that "conclusory allegations are unadorned and devoid of further factual enhancement" [internal citations omitted]).  Accordingly, Plaintiff's claim lacks merit and should be dismissed.

11

## V.   CONCLUSION

For all the foregoing reasons, Capital One respectfully requests that the Court dismiss the Complaint against it in its entirety, with prejudice.

WHEREFORE, Capital One prays the Court will grant this Motion and dismiss Plaintiff's Complaint and this action with prejudice, and that it will grant Capital One such other and further relief deemed to be just and proper.

Respectfully submitted,

*s/David Herrold*

David H. Herrold, SBN 24107029
McGINNIS LOCHRIDGE LLP
500 North Akard, Suite 3000
Dallas, Texas 75201
Tel. 214-307-6991
Email: dherrold@mcginnislaw.com

**Attorneys for the Defendant,
CAPITAL ONE, N.A.**

CERTIFICATE OF SERVICE

The undersigned certifies that on April 21, 2026, he caused a true and correct copy of the above and foregoing document to be deposited into the U.S. Mails, first class postage prepaid thereon, addressed to:

April Lizette Rodriguez-Guerrero, *pro se*
150 Rooster Drive
Pleasanton, Texas 78064

*s/David Herrold*

David H. Herrold