UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

**FILED**

MAY 15 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

APRIL LIZETTE RODRIGUEZ-GUERRERO,

Plaintiff,

v.

CAPITAL ONE, N.A.;

RESURGENT CAPITAL SERVICES, L.P.;

LVNV FUNDING LLC;

SCOTT & ASSOCIATES, P.C.;

EQUIFAX;

EXPERIAN;

TRANSUNION;

Defendants.

Civil Action No. **5:26-cv-01888-FB-ESC**

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff APRIL LIZETTE RODRIGUEZ-GUERRERO ("Plaintiff"), proceeding pro se, files this First Amended Complaint pursuant to the Court's Standing Order and the meet-and-confer letter from Defendant Capital One dated May 5, 2026, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.
2. This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.
3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in Atascosa County, Texas.

## II. PARTIES

4. Plaintiff APRIL LIZETTE RODRIGUEZ-GUERRERO is a natural person and resident of Pleasanton, Texas.
5. Defendant CAPITAL ONE, N.A. is a national banking association engaged in consumer credit reporting and furnishing.
6. Defendant RESURGENT CAPITAL SERVICES, L.P. is a debt collector as defined by 15 U.S.C. § 1692a.
7. Defendant LVNV FUNDING LLC is a purchaser of consumer debt and debt collector.
8. Defendant SCOTT & ASSOCIATES, P.C. is a law firm engaged in consumer debt collection litigation.
9. Defendants EQUIFAX, EXPERIAN, and TRANSUNION are consumer reporting agencies as defined by the FCRA.

## III. FACTUAL ALLEGATIONS

9. Defendants reported and attempted to collect an alleged consumer debt associated with Plaintiff.
10. The inaccurate information reported by Capital One, N.A. concerned two accounts Defendants reported and attempted to collect an alleged consumer debt associated with Plaintiff.
11. The inaccurate information reported by Capital One, N.A. concerned two accounts ending in xxxx-9642 and xxxx-9048. Specifically, Capital One continued to report these accounts as past due and charged off with a balance owed, when Plaintiff had previously discharged the obligation, and the accounts should have reflected $0 balance and "Paid in Full" or been deleted entirely.
12. On April 25, 2025, Plaintiff mailed via certified mail a detailed written dispute titled "Final Notice – Restitution Demand, Revocation of Power of Attorney & Credit Dispute" directly to Capital One, N.A., P.O. Box 31293, Salt Lake City, UT 84131. On May 10, 2025, Plaintiff mailed a second certified "Final Demand for Refund, Correction, and Account Reinstatement." Both letters expressly identified the inaccurate reporting, demanded investigation and correction under the FCRA, revoked any assumed authority, and warned Capital One not to continue reporting or sell the account. Plaintiff has true and correct copies of these letters and the USPS certified mail receipts in her possession and will produce them in discovery.
13. Capital One received these certified letters. Despite actual knowledge of Plaintiff's disputes, Capital One continued to report the inaccurate information to the credit bureaus and sold, transferred, and continues to receive revenue every month from the disputed accounts to third-party debt collectors (Resurgent Capital Services / LVNV Funding).
14. Plaintiff also disputed the same inaccurate information directly with Equifax, Experian, and TransUnion. Those disputes were forwarded to Capital One. Plaintiff has copies of the CRA dispute results in her possession and will produce them in discovery.

15. Capital One's duties under 15 U.S.C. § 1681s-2(b) were clearly triggered by both the CRA notices and Plaintiff's direct certified written disputes. Capital One failed to conduct a reasonable investigation, ignored Plaintiff's demands, and continued to verify and report the false information as accurate. Capital One's conduct was willful.

16. The underlying collection lawsuit filed by or on behalf of Defendants (Cause No. CV250228) was dismissed without prejudice on January 22, 2026, by the Atascosa County Justice Court.

17. Despite the dismissal of the lawsuit for want of prosecution, Defendants continued collection efforts against Plaintiff, including further communications and attempts to enforce the alleged debt without obtaining any judgment or providing competent admissible evidence establishing the validity of the obligation.

18. Plaintiff incurred additional harm as a direct result of Defendants' actions, including the unnecessary expenditure of time and resources required to appear in court and defend against a claim that was not prosecuted. Plaintiff was required to be present at the courthouse for approximately four (4) hours, resulting in measurable economic loss and disruption.

19. Defendants' continued collection activity following dismissal, combined with their failure to substantiate the alleged debt, constitutes willful, negligent, and reckless disregard for Plaintiff's rights under applicable federal law.

20. Defendants' conduct caused Plaintiff substantial financial injury, reputational harm, emotional distress, loss of time, and impairment of credit standing for several years.

## IV. CLAIMS FOR RELIEF

Count 1 – Violation of FCRA § 1681s-2(b) (Against Capital One, N.A.)

21. As detailed in Paragraphs 10–15 above, Capital One violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation after receiving notice of Plaintiff's disputes. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and fees.

Count 2 – Violations of the Fair Debt Collection Practices Act (Against Resurgent Capital Services, L.P., LVNV Funding LLC, and Scott & Associates, P.C.)TR

22. These Defendants are "debt collectors" as defined by the FDCPA. Their continued collection efforts after Plaintiff's disputes, after the state court dismissal, and without proper validation constitute violations of the FDCPA.

Count 3 – Defamation– Against All Defendants

Count 4 – Fraudulent and Deceptive Conduct – Against All Defendants

Count 5 –  Violations of FCRA § 1681i – Against Experian, Equifax, and TransUnion.
Plaintiff disputed the inaccurate Capital One information with each consumer reporting agency. Each agency failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i,

failed to delete or correct the inaccurate information, and continued to publish the false data. Plaintiff has copies of the disputes and results and will produce them in discovery.

## V. DAMAGES

23. As a direct and proximate result of all Defendants' prolonged, coordinated, and willful misconduct, Plaintiff has suffered substantial and ongoing harm, including:

   a. Severe damage to credit reputation

   b. Loss of access to credit and financial opportunities

   c. Emotional distress and anxiety

   d. Reputational harm

   e. Substantial time and expense.

24. Plaintiff seeks damages in an amount to be determined at trial, currently estimated at Seventy-Seven Million Dollars ($77,000,000), including but not limited to actual, statutory, and punitive damages.

## Rebuttal to Anticipated Rule 12(b)(6) Motion

25. The Amended Complaint contains detailed, non-conclusory factual allegations satisfying every element of a § 1681s-2(b) claim. These allegations exceed the plausibility standard of *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. Any argument by Capital One that Plaintiff has failed to state a claim is without merit.

26. Plaintiff possesses concrete documentary proof (certified letters, USPS receipts, CRA results) and will produce it in discovery. The Court should deny any motion to dismiss and allow this case to proceed to discovery.

## VI. JURY DEMAND

27. Plaintiff demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:
a. Actual damages in an amount to be determined at trial (currently estimated at $77,000,000);
b. Statutory damages as provided by law;
c. Punitive damages sufficient to punish and deter Defendants' conduct;
d. Injunctive relief requiring the correction and deletion of inaccurate credit reporting;
e. An award of all costs of litigation, including filing fees, service fees, and any other allowable expenses;
f. Any additional relief the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2026, a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via U.S. Mail, first-class postage prepaid, where known, upon all counsel of record and parties in this case.

Service upon newly added Defendants Equifax, Experian, and TransUnion will be completed upon issuance of summons by the Clerk of Court.

Respectfully submitted,

*April Lizette Rodriguez-Guerrero*

/s/ April Lizette Rodriguez-Guerrero
APRIL LIZETTE RODRIGUEZ-GUERRERO
Plaintiff, Pro Se
150 Rooster Dr
Pleasanton, TX 78064

Date: May 15, 2026