**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| APRIL LIZETTE RODRIGUEZ-GUERRERO, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:26-cv-01888-FB-ESC |
| CAPITAL ONE, N.A.; | § § | |
| RESURGENT CAPITAL SERVICES, L.P.; | § § § | |
| LVNV FUNDING LLC; | § § | |
| SCOTT & ASSOCIATES, P.C.; | § § | |
| Defendants. | § § | |

**DEFENDANT CAPITAL ONE, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)**

Defendant Capital One, N.A. ("Capital One"), hereby moves to dismiss the First Amended Complaint **(Doc. 19)** (the "FAC") filed by Plaintiff April Lizette Rodriguez-Guerrero ("Plaintiff") in the above-captioned matter pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## I.    INTRODUCTION

Plaintiff's FAC, like her original Complaint, is devoid of factual allegations sufficient to state a claim and fails to state a claim upon which may be granted as to Capital One under the

---

[1] Capital One files this Motion after complying with the requirements of the *Standing Order in Civil Cases Assigned to Judge Fred Biery*, having delivered written notice of deficiencies in Plaintiff's original Complaint **(Doc. 1)** on May 5, 2026, with Plaintiff thereafter filing her *Advisory Letter of Intent to Amend Complaint* on May 11, 2026 **(Doc. 18)** and her FAC on May 20 **(Doc. 19)**.

federal Fair Credit Reporting Act, codified at 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), or any claim under Texas law.[2]

After Capital One, through its undersigned counsel, conferred with Plaintiff regarding the deficiencies in her Complaint, Plaintiff filed her FAC, and she *again* fails to state any claim against Capital One. Specifically, Plaintiff purports to bring three claims against Capital One, each of which was also alleged in her Complaint, for (1) violation of the FCRA, (2) defamation, and (3) fraudulent and deceptive conduct. Once again, each of these claims fails as a matter of law.

*First*, Plaintiff's FCRA claim fails as a matter of law because she (1) fails to allege an actual inaccuracy in Capital One's alleged reporting, and (2) fails to allege facts sufficient to establish Capital One's investigation in response to any dispute received from a credit reporting agency was unreasonable. *Second*, Plaintiff's defamation claim is expressly preempted by the FCRA. Even if the claim were exempted from federal preemption (it is not), Plaintiff fails to allege facts sufficient to satisfy the elements of a defamation claim under Texas law. Finally, Plaintiff's remaining state-law claim for "fraudulent and deceptive conduct" is preempted by federal law and furthermore fails to meet Rule 9(b)'s heightened pleading standard. In her FAC, Plaintiff has established that she has pled her "best case," and therefore, the Court should decline to grant Plaintiff leave to further amend.

As set forth in greater detail below, the Court should, respectfully, grant Capital One's Motion to Dismiss, and dismiss the FAC with prejudice.

## II.    STATEMENT OF FACTS

Plaintiff alleges that Capital One "is a national banking association engaged in consumer credit reporting and furnishing." Doc. 19, ¶ 5. As alleged, Defendants "reported and attempted to

---

[2] Plaintiff abandons her cause of action, as to Capital One, arising under the Fair Debt Collection Practices Act, which she originally alleged in the Complaint **(Docs. 1, 19)**. Indeed, the FAC explicitly states Plaintiff's claim for "[v]iolations of the Fair Debt Collection Practices Act" is only being brought as to "Resurgent Capital Services, L.P., LVNV Funding LLC, and Scott & Associates, P.C." **(Doc. 19, at 3)**. *See Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 870 F. Supp. 2d 441, 449 (S.D. Tex. 2012) (Rosenthal, J.) (collecting cases; providing, "The failure to re-assert a claim in an amended complaint amounts to an abandonment of said claim").

collect an alleged consumer debt associated with Plaintiff." *Id.*, ¶ 9. Plaintiff alleges "Capital One inaccurately reported two accounts "ending in xxxx-9642 and xxxx-9048" as "past due and charged off with a balance owed, when Plaintiff had previously discharged the obligation, and the accounts should have reflected $0 balance and 'Paid in Full' or been deleted entirely." *Id.*, ¶ 11. On April 25, 2025, Plaintiff allegedly "mailed via certified mail a detailed written dispute titled 'Final Notice—Restitution Demand, Revocation of Power of Attorney & Credit Dispute' directly to Capital One." *Id.*, ¶ 12. On May 10, 2025, Plaintiff purports to have mailed Capital One a second letter titled, "Final Demand for Refund, Correction, and Account Restatement." *Id.* At some unspecified time, Plaintiff allegedly disputed "the same inaccurate information" with Equifax, Experian, and TransUnion (the "CRAs"). *Id.*, ¶ 14. Plaintiff purports to have copies of these letters, although she does not attach copies to the FAC. *Id.*, ¶ 13-14.

Despite purportedly receiving Plaintiff's disputes, Capital One allegedly continued to report the inaccurate information to the CRAs, and "failed to conduct a reasonable investigation, ignored Plaintiff's demands, and continued to verify and report the false information as accurate." *Id.*, ¶¶ 13-15.

Capital One brought a collection action against Plaintiff in the Atascosa County Justice Court, which "was dismissed without prejudice on January 22, 2026." *Id.*, ¶ 16. Through its Original Petition, Capital One sought to collect an outstanding debt in the amount of $6,282.67 on account ending in -9048, which was alleged to be in default.[3] Plaintiff complains that Defendants "continued collection efforts against Plaintiff" after the dismissal without prejudice of the collection action. *Id.*, ¶ 17. Plaintiff alleges she was harmed due to the "the unnecessary expenditure of time and resources required to appear in court and defend against a claim that was not prosecuted." *Id.*, ¶ 18. Plaintiff further alleges that "Defendants' conduct caused Plaintiff

---

[3] Capital One hereby requests that the Court take judicial notice of the Original Petition filed in the Atascosa County Justice Court, Case Number CV250228, attached hereto as <u>Exhibit A</u>. *See* Fed. R. Evid. 201(c); *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, (5th Cir. 2007) (explaining that a court may take judicial notice of a document filed in another court to establish the fact of such litigation and related filings). *Norris v. Hearst Trust*, 500 F.3d 454, 461 & n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record").

3

substantial financial injury, reputational harm, emotional distress, loss of time, and impairment of credit standing for several years." *Id.*, ¶ 20.

Plaintiff seeks to recover $77,000,000, as well as actual, statutory, and punitive damages, and injunctive relief. *Id.*, at 3 ("Prayer For Relief").

## III.   LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires that Plaintiff "plead[] factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Notwithstanding the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Associated Gen'l Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Furthermore, the court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 676-78. "[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *See Kane Enterprises v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Id*. Further, the factual allegations must be sufficient to raise the right to relief above a speculative level. *Lexington Ins. Co. v. S.H.R.M. Catering Servs., Inc.*, 567 F.3d 182, 184 (5th Cir. 2009).

## IV.   PLAINTIFF'S FAC FAILS TO STATE A CLAIM AGAINST CAPITAL ONE.

### A. Plaintiff Fails to Allege Facts Sufficient to State a Claim Against Capital One Under the FCRA.

The FCRA provides consumers a private right of action for certain (but not all) violations of the statute against credit report users, "furnishers" of information and credit reporting agencies

4

("CRAs"). *See* 15 U.S.C. §§ 1681 *et seq*. As Plaintiff concedes, Capital One was a "furnisher" of information under the FCRA, because it "engaged in consumer credit reporting and furnishing." Doc. 19, ¶ 5.

To state a claim against a furnisher of information under 15 U.S.C. § 1681s-2(b), Plaintiff must show that "(1) he disputed the accuracy or completeness of information with a consumer reporting agency; (2) the agency notified the furnisher of the consumer's dispute; and (3) the furnisher failed to conduct an investigation, correct any inaccuracies, or notify the agency of the results of the investigation." *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805 (N.D. Tex. 2014) (Ramirez, J.) (citations omitted), *rec adopted*, 991 F. Supp. 2d 786 (N.D. Tex. 2014) (Lynn, J.). Here, Plaintiff's FCRA claim should be dismissed because Plaintiff fails to (1) allege any inaccuracy in the data Capital One may have furnished, and (2) adequately allege that Capital One failed to conduct a reasonable investigation.

### 1. *Plaintiff fails to allege an inaccuracy.*

As a threshold matter, for a plaintiff to state a viable claim under § 1681s-2(b) of the FCRA, a plaintiff must also allege facts showing that inaccurate information was actually furnished. *See, e.g.*, *Ostiguy v. Equifax Info. Servs., LLC*, 2017 U.S. Dist. LEXIS 74746, at *12-13 (W.D. Tex. May 4, 2017), *aff'd sub nom*. *Ostiguy v. Equifax Info. Servs., L.L.C.*, 738 F. App'x 281 (5th Cir. 2018) (holding "as other courts have noted, section 1681s-2(b) requires a showing of a factual inaccuracy in suits against furnishers for the same rationale that section 1681i(a) requires a showing of a factual inaccuracy in suits against CRAs—namely, that damages would be impossible to prove without an inaccuracy.").[4] Indeed, "nothing in § 1681s–2(b) requires

---

[4] This is consistent with the approach in other jurisdictions. *See, e.g.*, *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 37-38 (1st Cir. 2010) (noting the requirement that Section 1681i requires an inaccuracy and holding that "[i]n light of the parallel obligations imposed on CRAs and furnishers…that same rationale supports requiring a showing of actual inaccuracy in suits against furnishers"); *Ridley v. Bank of Am. Corp.*, 2020 U.S. Dist. LEXIS 89833, at *9-10 (C.D. Cal. Jan. 2, 2020) ("[t]o state a claim against a furnisher of information under [the] FCRA, a plaintiff must allege that an inaccuracy existed in his credit report"); *Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 U.S. Dist. LEXIS 59710, at *5 (C.D. Cal. Mar. 12, 2013) (dismissing FCRA claim for failure to "sufficiently plead the element of inaccurate credit reporting"); *Hernandez v. Wells Fargo Home Mortg.*, 2015 U.S. Dist. LEXIS 34170, at *6, at *3 (D. Nev. Mar. 16, 2015) (dismissing FCRA claim and noting that "an initial inaccuracy must be present before a valid dispute may exist").

defendant to correct information simply because the consumer believes it is erroneous." *Mendoza v. GE Capital Retail Bank*, 2012 U.S. Dist. LEXIS 41989, at *6 (W.D. Tex. Mar. 27, 2012) (citing *Bashore v. Resurgent Capital Services, L.P.*, 2011 WL 6089483, at *1 (5th Cir. 2011)). "A credit entry is 'inaccurate' within the meaning of the [FCRA] if (1) 'it is patently incorrect,' or (2) 'is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Davidson v. Texan Credit Corp.*, 2025 U.S. Dist. LEXIS 109770, at *12 (N.D. Tex. Apr. 28, 2025) (Cureton, J.) (quoting *Ostiguy,* 2017 WL 1842947, at *3), rec. adopted, 2025 U.S. Dist. LEXIS 108699 (N.D. Tex. June 9, 2025) (Pittman, J.); *Hernandez v. Wells Fargo Home Mortg.*, 2015 U.S. Dist. LEXIS 34170, at *3 (D. Nev. Mar. 16, 2015) (dismissing FCRA claim and noting that "an initial inaccuracy must be present before a valid dispute may exist") (*citing Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 890 (9th Cir. 2010)); *Klaizner v. Countrywide Fin.*, 2015 U.S. Dist. LEXIS 18176, at *12 (D. Nev. Feb. 12, 2015) (stating that an inaccuracy in the plaintiff's credit report is an element of an FCRA claim against a furnisher of credit information); *Giovanni v. Bank of America N.A.*, 2012 U.S. Dist. LEXIS 178914, at *13 (N.D. Cal. Dec. 17, 2012) ("The Court first considers whether [defendant] reported inaccurate information and, if necessary, then considers whether it is liable for failing to correct that information"). Plaintiff fails to make the requisite showing of an inaccuracy in credit information furnished by Capital One.

In her FAC, Plaintiff now alleges that Capital One "inaccurately" reported two Capital One accounts as "past due and charged off with a balance owed"[5] despite Plaintiff contending that she "previously discharged the obligation." Doc. 19, ¶ 11. Glaringly absent from her FAC are any facts to indicate when and how Plaintiff purportedly "discharged the obligation" or why reporting the accounts as past due was inaccurate. For example, Plaintiff does not allege the specific date or dates on which the obligation was discharged, that she paid off the balances due and owing on the Accounts, or that she had not actually opened a credit line or incurred the reported debt. Instead,

---

[5] Notably, Plaintiff does not dispute that the Accounts had charged off because she failed to pay what she owed.  *See* Doc. 19.

Plaintiff merely concludes, without any factual support, that the accounts "should have reflected $0 balance and 'Paid in Full' or been deleted entirely." *Id.*, ¶ 11.

However, these allegations do not pass the bar. Because Plaintiff has failed to allege inaccurate credit reporting, the claim is subject to dismissal on that ground. *See Reeves v. Nelnet Loan Servs.,* 2018 U.S. Dist. LEXIS 80939, at *14 (S.D. Tex. May 14, 2018) (granting Motion to Dismiss FCRA claim where the plaintiff "alleged no facts regarding the basis for her disagreement with Defendants' reporting or facts that would support a reasonable inference that she has correctly identified inaccuracies or misleading entries in Defendants' reporting."); *Littleton v. Experian Information Solutions, Inc.*, 2015 U.S. Dist. LEXIS 102055*,* at *4 (N.D. Cal., Aug. 4, 2015) (granting motion to dismiss FCRA claim, finding unspecified allegations regarding misleading or inaccurate balances were insufficient for furnisher defendant to understand the basis for potential liability).

### 2. *Plaintiff does not adequately allege that Capital One failed to conduct a reasonable investigation*.

Plaintiff also fails to allege facts in the FAC demonstrating why Capital One's alleged investigation in response to any dispute she submitted to the CRAs was deficient under the FCRA. Under Section 1681s-2(b)(1)(A), a furnisher of information is required to "conduct an investigation with respect to the disputed information" after receiving notice of a dispute from a CRA. 15 U.S.C. § 1681s-2(b)(1)(A).[6] "Under the FCRA, Defendant's investigations of disputes

---

[6] Plaintiff alleges in the FAC that she submitted written disputes directly to Capital One (*see* Doc. 19, ¶ 12); however, under § 1681s-2(b) a furnisher's duties are only triggered when a person who furnished information *to a CRA* receives notice from the CRA that the consumer disputes the information. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *Hunsinger v. SKO Brenner Am., Inc.*, No. 2014 U.S. Dist. LEXIS 52029, at *7 (N.D. Tex. Apr. 15, 2014) ("[D]irect notification by the consumer does not trigger a furnishers duties under § 1681s-2(b).").

Section 1681s-2(a)(8) of the FCRA outlines the procedures by which a consumer can directly dispute the accuracy of information with a furnisher. After receiving notice of a dispute, the furnisher shall (1) conduct an investigation; (2) review all relevant information; (3) report the results of the investigation to the consumer within 30 days, pursuant to 15 U.S.C. § 1681i(a)(1); and (4) if the furnisher discovers the reported information was inaccurate, the furnisher must promptly notify each consumer reporting agency to which it provided the inaccurate information and provide them with the correct information. 15 U.S.C. § 1681s-2(a)(8)(E). While § 1681s-2(a)(8) prescribes the process for consumers to directly dispute the accuracy of credit information with the furnisher, § 1681s-2(c) expressly prohibits private enforcement of that section. Sections 1681n & o outline civil liability for noncompliance of the FCRA, but § 1681s-2(c) specifies that those sections do *not* apply to § 1681s-2(a). 15 U.S.C. § 1681s-2(c). *See Desselle v. Ford Motor Credit Co. LLC,* 2014 U.S. Dist. LEXIS 128858, at *6 (E.D. La. Sept. 15, 2014) ("The Ninth Circuit discussed the rationale for the intentional prohibition of private rights of action under this section in an often-

received from consumer reporting agencies must be reasonable." *Reeves v. Nelnet Loan Servs.*, 2018 U.S. Dist. LEXIS 80939, at *8 (S.D. Tex. May 14, 2018). However, Plaintiff has failed to allege facts that any investigation by Capital One was unreasonable.

In the FAC, Plaintiff merely makes one unsupported and conclusory allegation that "Capital One failed to conduct a reasonable investigation, ignored Plaintiff's demands, and continued to verify and report false information as inaccurate." Doc. 19, ¶¶ 14-15. However, Plaintiff alleges no facts that would support a reasonable inference that Capital One conducted an unreasonable investigation into her purported dispute. *See id*.

Such conclusory allegations do not satisfy Plaintiff's obligation to allege facts that support a finding that Capital One acted unreasonably and therefore, Plaintiff's FCRA claim should be dismissed. *See Shaunfield v. Experian Info. Solutions, Inc.*, 991 F. Supp. 2d 786, 806 (N.D. Tex. 2014) (dismissing the plaintiff's FCRA claim because "[h]is assertions read more like a recitation of the elements of a § 1681s-2(b) claim than specific allegations of wrongdoing."); *Iyigun v. Cavalry Portfolio Servs., LLC*, 2013 U.S. Dist. LEXIS 59710, at *4 (C.D. Cal. Mar. 12, 2013) (dismissing Section 1681s-2(b) claim on grounds that the complaint "does not include any allegations as to the impropriety of [the furnisher's] investigation or any factual basis for a contention that the investigation was defective"); *Douglas v. Select Portfolio Servicing, Inc.*, 2015 U.S. Dist. LEXIS 29578, at *17-18 (S.D. Tex. Mar. 11, 2015) (holding that a plaintiff must allege and prove that a defendant "failed to take appropriate action regarding the dispute"); *Smith v. Bank of Am. Home Loans*, 968 F. Supp. 2d 1159, 1167 (M.D. Fla. 2013) ("It is unclear whether plaintiffs allege that [the furnisher] failed to conduct any investigation. To the extent an investigation was conducted, it is unclear how the investigation failed to meet the requirements of the statute. Therefore, plaintiffs have failed to put [the furnisher] on notice as to the nature of their alleged violation of 15 U.S.C. § 1681s–2(b)"); *Flores v. GMAC Mortg*age, 2010 U.S. Dist. LEXIS 20623,

---

cited case, noting 'Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished'") (citing *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002)).

at *12 (E.D. Cal. 2010) (granting motion to dismiss where "Plaintiffs do not allege what information Defendants reported, to whom they reported the information, whether that information was inaccurate, or what they relied on…. Plaintiffs' 'conclusory statements' are insufficient to allege a cognizable claim."); *Williams v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 112882, at *19 (D. Colo. Aug. 14, 2014) (construing § 1681s-2(b) claims liberally and finding failure to state a claim because the operative pleading contained no allegations describing the "dispute with the challenged debts" or the furnisher's "alleged 'unreasonable' conduct during an investigation"); *Hampton v. Barclays Bank Del.*, 2019 U.S. Dist. LEXIS 213331, at *26 (D. Kan. Dec. 11, 2019) (finding "mere disagreement" with what furnishers reported did not "support a plausible inference that [they] failed to investigate the dispute" under § 1681s-2(b)); *Perez v. Medicredit*, 2019 U.S. Dist. LEXIS 153609, at *7 (C.D. Cal. March 14, 2019) (dismissing FCRA claim "alleging Defendant's investigation was unreasonable solely because the investigation failed to remedy the error, is not sufficient;" citation and internal quotation marks omitted).

As Plaintiff has failed to adequately allege both any (1) inaccuracy in the credit reporting and (2) facts regarding a purportedly unreasonable investigation by Capital One, Plaintiff's FCRA claim fails as a matter of law and should be dismissed with prejudice.

B. **Plaintiff's Defamation Claim is Expressly Preempted by the FCRA and Thus Fails as a Matter of Law.**

Like her Complaint, Plaintiff purports to bring a claim for "[d]efamation" against all Defendants. Doc. 19, at 3. However, the FAC is devoid of any factual allegations supporting this claim.[7] With that said, the only "communications" generally alleged in the FAC, by Capital One, relate to purported reporting of information to the CRAs. *See* Doc. 19, ¶¶ 10-13, 15. It is well settled this claim is preempted by the FCRA. Indeed, the FCRA is a comprehensive statutory

---

[7] Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) (holding that the rules "require that the defendant be given 'fair notice of [1] what the plaintiff's claim is and [2] the grounds upon which it rests'"). Plaintiff's FAC is devoid of any allegation supporting her cause of action, and therefore, fails to satisfy basic requirement of providing not only "fair notice" of the nature of the claim, but also the "grounds" on which the claim rests. Accordingly, for this reason alone, Plaintiff's defamation claim should be dismissed.

9

structure meant to regulate all aspects of credit reporting. *See generally* 15 U.S.C. § 1681 *et seq.* "Under the doctrine of federal preemption, a federal law supersedes or supplants an inconsistent state law or regulation." *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016). The FCRA preempts certain state law claims by providing that:

> "[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."

*Decker v. Chipton-Ross, Inc.*, 2026 U.S. Dist. LEXIS 74891, at *9 (W.D. Tex. Mar. 20, 2026) (citing 15 U.S.C. § 1681h(e) and finding "defamation claim is preempted by the FCRA"). Accordingly, a state-law claim that is "based on a defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FCRA." *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 883 (S.D. Tex. 2013).

Here, Plaintiff's FAC, like her Complaint, is devoid of any factual allegations "showing that [Capital One's credit reporting was] made with malice or reckless disregard for the truth." *Id.* Accordingly, Plaintiff's defamation claim is preempted by the FCRA. *See Phap Anh Le v. Midland Credit Mgmt., Inc.*, 2025 U.S. Dist. LEXIS 221299, at *19 (W.D. Tex. Nov. 10, 2025) (finding conclusory allegations that defendant "knowingly and maliciously" published false statements "insufficient to plausibly state a defamation claim that is not preempted by the FCRA").

Even if Plaintiff's defamation claim was not preempted (it is), the FAC lacks factual allegations sufficient to state a claim. Indeed, to plead defamation under Texas law, a plaintiff must "show the defendant (1) published 'a false statement of fact to a third party,' (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases.'" *Parker v. Spotify, U.S.A., Inc.*, 569 F. Supp. 3d 519, 528 (W.D. Tex. 2021) (quoting *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015)). Here, Plaintiff alleges conclusorily that Defendants "continued to report the inaccurate information to the credit bureaus" and "continued to report the false information as accurate." Doc. 19, ¶¶ 13, 15. However, "conclusory allegations . . . [that] do not contain sufficient factual matter" regarding the alleged defamatory

10

communications fail to satisfy the pleading standard and cannot survive a motion to dismiss. *See Roebuck v. Dothan Sec., Inc.,* 515 F. App'x 275, 280 (5th Cir. 2013). In the FAC (like the Complaint), Plaintiff makes no attempt to explain how any information reported by Capital One was false. Indeed, Plaintiff does not allege facts that the accounts did not in fact charge off, that payments were made to bring the balances of the accounts to zero, or that she had not actually opened a credit line or incurred the reported debt. Thus, having *again* failed to allege any facts to satisfy the basic elements of a defamation claim under Texas law, Plaintiff's claim fails as a matter of law and should be dismissed.

### C. **Plaintiff's Claim for Fraudulent and Deceptive Conduct Fails as a Matter of Law.**

Plaintiff's claim for "[f]raudulent and deceptive conduct" fails as a matter of law *again* for two reasons. *First*, Plaintiff's remaining state-law claims are preempted by the FCRA. In addition to the express preemption of defamation claims under 15 U.S.C. § 1681h(e), as discussed above, the FCRA preempts other state law claims by providing that "[n]o requirement or prohibition may be imposed under the law of any State—(1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies[.]" 15 U.S.C. § 1681t(b)(1)(F). Accordingly, a state-law claim that is "based on a defendant's conduct in furnishing inaccurate information to a consumer reporting agency is preempted by the FCRA." *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 883 (S.D. Tex. 2013). Here, as pled, Plaintiff's claim is *again* inextricably linked to allegations that "despite actual knowledge of Plaintiff's disputes, Capital One continued to report the inaccurate information to the credit bureaus[.]" Doc. 19, ¶ 13. Accordingly, the FCRA preempts Plaintiff's state-law claim for "[f]raudulent and deceptive conduct" and must be dismissed.

*Second*, even if Plaintiff could pursue such a claim (she cannot), she *again* fails to satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b). Indeed, courts in the Fifth Circuit strictly interpret Rule 9(b) to require "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552,

11

564-65 (5th Cir. 2002); *Hennessy v. Grunt Style, LLC*, 2025 U.S. Dist. LEXIS 265213, at *6 (W.D. Tex. Dec. 22, 2025) (dismissing fraud claim for failure to meet Rule 9(b)'s heightened pleading standard. Under Rule 9(b), a plaintiff must set forth the who, what, when, where, and how of the alleged fraud. Fed. R. Civ. P. 9(b); *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010); *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997) ("[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.").

Here, the FAC (like the Complaint) lacks factual allegations sufficient to meet the ordinary pleading standard, let alone this heightened pleading standard. Instead, Plaintiff alleges vaguely that "Defendants continued collection efforts against Plaintiff, including further communications and attempts to enforce the alleged debt without obtaining any judgment or providing competent admissible evidence establishing the validity of the obligation." Doc. 19, ¶ 17. However, Plaintiff fails to allege with any particularity what was communicated, who communicated it, when the communications were transmitted or why the purported communications were false. This is patently insufficient. *See Harris-Gilchrease v. Cap. One Auto Fin.*, 2024 U.S. Dist. LEXIS 221946, at *11 (E.D. La. Dec. 9, 2024) (dismissing fraud claim against creditor where plaintiff "failed to plead the time, place, and contents of the alleged false misrepresentation . . . with particularity"); *Hennessy*, 2025 U.S. Dist. LEXIS at *7 (dismissing fraud claim and noting that "conclusory allegations are unadorned and devoid of further factual enhancement" [internal citations omitted]).  Accordingly, Plaintiff's claim *again* lacks merit and should be dismissed with prejudice.

### D.  The Court Should Deny Leave To Amend.

Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a

"substantial reason" to do so. *Lyn-Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

As set forth herein, in her FAC, Plaintiff has *again* failed to state any claim against Capital One, and the FAC is subject to dismissal under Rule 12(b)(6). As further amendment to Plaintiff's claims would be futile, the Court should grant Capital One's Motion in its entirety and deny Plaintiff leave to amend.

## V.    **CONCLUSION**

For all the foregoing reasons, Capital One respectfully requests that the Court dismiss the FAC against it in its entirety, with prejudice.

WHEREFORE, Capital One prays the Court will grant this Motion and dismiss Plaintiff's FAC and this action, as to Capital One, with prejudice, and that it will grant Capital One such other and further relief deemed to be just and proper.

Respectfully submitted,

*s/David Herrold*
David H. Herrold, SBN 24107029
Whitney L. Warren, SBN 24084395
McGINNIS LOCHRIDGE LLP
500 North Akard, Suite 3000
Dallas, Texas 75201
Tel. 214-307-6991
Email: dherrold@mcginnislaw.com
          wwarren@mcginnislaw.com

**Attorneys for the Defendant,**
**CAPITAL ONE, N.A.**

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 29, 2026, a true and correct copy of the above and foregoing instrument was served upon Plaintiff by the depositing the same into the U.S. Mails, all postage prepaid thereon, addressed to:

April Lizette Rodriguez-Guerrero, pro se
150 Rooster Drive
Pleasanton, TX 78064

s/David Herrold

14