**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| APRIL LIZETTE RODRIGUEZ-GUERRERO, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 5:26-CV-01888-FB |
| CAPITAL ONE, N.A., RESURGENT CAPITAL SERVICES, L.P., LVNV FUNDING LLC, SCOTT & ASSOCIATES, P.C., EQUIFAX, EXPERIAN and TRANS UNION LLC, | § § § § § § § | |
| *Defendants*. | § § | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, answers Plaintiff April Lizette Rodriguez-Guerrero's ("Plaintiff") First Amended Complaint (Dkt. 19, the "Complaint") as follows. Experian denies that it violated the Fair Credit Reporting Act ("FCRA") or any other law. The paragraph numbers and section headings below correspond to the paragraph numbers and section headings contained in Plaintiff's Complaint to the extent possible.

## I.    JURISDICTION AND VENUE

1.    In response to paragraph 1 of the Complaint, Experian states that the allegations concerning subject matter jurisdiction constitute legal conclusions to which no response is required. To the extent a response is required, Experian admits only that Plaintiff purports to assert claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

2.    In response to paragraph 2 of the Complaint, Experian states that the allegations concerning supplemental jurisdiction constitute legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation of paragraph 2 of the Complaint.

3.    In response to paragraph 3 of the Complaint, Experian states that the allegations concerning venue constitute legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation of paragraph 3 of the Complaint.

## II.    PARTIES

4.    In response to paragraph 4 of the Complaint, Experian admits that Plaintiff is a natural person but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

5.    In response to paragraph 5 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Capital One, N.A., and, on that basis, denies the same.

6.    In response to paragraph 6 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Resurgent Capital Services, L.P., and, on that basis, denies the same.

7.    In response to paragraph 7 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding LVNV Funding LLC, and, on that basis, denies the same.

8.    In response to paragraph 8 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Scott & Associates, P.C., and, on that basis, denies the same.

9.      In response to paragraph 9 the Complaint, Experian admits that it is a consumer reporting agency ("CRA") as defined under the FCRA, 15 U.S.C. § 1681a(f). Experian further admits that Plaintiff is a "consumer" as defined under the FCRA, 15 U.S.C. § 1681a(c). Experian lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 concerning Equifax and TransUnion, and, on that basis, denies the same.

### III.    FACTUAL ALLEGATIONS

9.      In response to the second paragraph 9 [sic][1] of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

10.     In response to paragraph 10 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

11.     In response to paragraph 11 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

12.     In response to paragraph 12 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

13.     In response to paragraph 13 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

---

[1]    Plaintiff repeats paragraph 9 twice.  Experian's Answer is formatted to mirror the First Amended Petition with the incorrect numbering.

14. In response to paragraph 14 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

15. In response to paragraph 15 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein and, on that basis, denies the same.

16. In response to paragraph 16 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

17. In response to paragraph 17 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the same.

18. In response to paragraph 18 of the Complaint, Experian denies each and every allegation contained therein relating to Experian's conduct and whether it caused any damage whatsoever, and otherwise states that it lacks sufficient knowledge to deny or admit the remaining allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Experian states that the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

4

## IV.    CLAIMS FOR RELIEF

### Count 1: FCRA § 1681s-2(b) – Against Capital One

21.    In response to Count 1 of the Complaint, Experian states that this Count is not asserted against Experian and, therefore, no response is required. To the extent a response is deemed required, Experian reasserts and incorporates by reference its responses to each and every preceding paragraph as if set forth fully herein and denies each and every allegation contained therein.

### Count 2: FDCPA Violations – Against Resurgent, LVNV, and Scott & Associates

22.    In response to Count 2 of the Complaint, Experian states that this Count is not asserted against Experian and, therefore, no response is required. To the extent a response is deemed required, Experian reasserts and incorporates by reference its responses to each and every preceding paragraph as if set forth fully herein and denies each and every allegation contained therein.

### Count 3: Defamation – Against All Defendants

[Unnumbered paragraph]    In response to Count 3 of the Complaint, Experian reasserts and incorporates by reference its responses to each and every preceding paragraph as if set forth fully herein. Experian states that the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

### Count 4: Fraudulent and Deceptive Conduct – Against All Defendants

[Unnumbered paragraph]    In response to Count 4 of the Complaint, Experian reasserts and incorporates by reference its responses to each and every preceding paragraph as if set forth fully herein. Experian states that the allegations constitute legal conclusions to which no response

is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

### Count 5: FCRA § 1681i – Against Experian, Equifax, and TransUnion

[Unnumbered paragraph]      In response to Count 5 of the Complaint, Experian reasserts and incorporates by reference its responses to each and every preceding paragraph as if set forth fully herein. Experian states that the allegations constitute legal conclusions to which no response is required. To the extent a response is required, Experian denies that it violated 15 U.S.C. § 1681i or any other provision of the FCRA or any other law. Experian denies, generally and specifically, each and every allegation contained therein.

### V.   DAMAGES

23.    In response to paragraph 23 of the "Damages" section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24.    In response to paragraph 24 of the "Damages" section of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

### REBUTTAL TO ANTICIPATED RULE 12(b)(6) MOTION

25.    In response to paragraph 25 of the Complaint, Experian states that the allegations constitute legal conclusions and legal argument to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

26.    In response to paragraph 26 of the Complaint, Experian states that the allegations constitute legal conclusions and legal argument to which no response is required. To the extent a response is required, Experian denies, generally and specifically, each and every allegation contained therein.

## VI.    JURY DEMAND

27.    In response to paragraph 27 of the Complaint, Experian admits that Plaintiff has demanded a jury trial.

## VII.    PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Experian denies that Plaintiff is entitled to any judgment, damages, costs, attorneys' fees, or any other relief whatsoever against Experian, and Experian respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue upon which it would not otherwise bear such burden, Experian asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

## (FCRA Compliance)

Experian at all relevant times maintained and followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and otherwise acted in compliance with the Fair Credit Reporting Act and all other applicable laws.

## SECOND AFFIRMATIVE DEFENSE

## (No Willful or Negligent Noncompliance)

Plaintiff's claims are barred, in whole or in part, because any alleged violation of the FCRA was neither willful nor negligent, and Experian did not act with the requisite state of mind to support liability under 15 U.S.C. § 1681n or § 1681o.

## THIRD AFFIRMATIVE DEFENSE

## (Causation and Failure to Mitigate)

Any damages allegedly sustained by Plaintiff, which Experian denies, were not caused by Experian and were caused, in whole or in part, by the acts or omissions of Plaintiff or of third

7

parties over whom Experian had no control. Plaintiff has also failed to mitigate her alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

**(Standing / Article III Standing Deficiencies)**

Plaintiff lacks standing to assert certain or all claims in the Complaint to the extent she cannot demonstrate, and does not plead, a concrete injury in fact that is fairly traceable to Experian's conduct and redressable by a favorable decision. Article III standing requires a concrete injury even in the context of a statutory violation. To the extent Plaintiff's claims rest on bare procedural violations of the FCRA without a showing of concrete harm, those claims are barred for lack of Article III standing.

**FIFTH AFFIRMATIVE DEFENSE**

**(Preemption Under 15 U.S.C. § 1681h(e))**

Plaintiff's defamation claim is preempted by Section 1681h(e) of the FCRA to the extent Plaintiff fails to prove that Experian furnished false information with malice or willful intent to injure Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

**(Preemption Under 15 U.S.C. § 1681t)**

Plaintiff's state statutory claims, if any, are preempted by 15 U.S.C. § 1681t to the extent they seek to impose requirements or prohibitions with respect to subject matter regulated under the FCRA.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action for Injunctive Relief)**

To the extent Plaintiff seeks injunctive relief against Experian, such relief is unavailable to private litigants under the FCRA.

## EIGHTH AFFIRMATIVE DEFENSE

### (Inaccuracy as Threshold Requirement)

Plaintiff's claims under 15 U.S.C. § 1681i are barred to the extent Plaintiff cannot demonstrate that the information in her consumer file was in fact inaccurate. Plaintiff raises only legal disputes with creditors that Experian is not required or competent to resolve.

## NINTH AFFIRMATIVE DEFENSE

### (Attorney's Fees)

Experian affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

## TENTH AFFIRMATIVE DEFENSE

### (Settlement Credits)

In the event that a settlement is reached between Plaintiff and any other party, Experian is entitled to any settlement credits permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully prays that this Court enter judgment in its favor and against Plaintiff as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

DATED: June 24, 2026

Respectfully submitted,

KASOWITZ LLP

By:  */s/ Steven J. Owens*
     Steven J. Owens
     Texas State Bar No. 24098212
     SOwens@kasowitz.com
     1415 Louisiana Street, Suite 2100
     Houston, TX 77002
     (713) 220-8800
     (713) 222-0843 (fax)

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2026, I presented the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or mail.  I further certify that a true and correct copy of the foregoing document was served on Plaintiff, proceeding *pro se*, via U.S.P.S. First-Class Mail to:

April Lizette Rodriguez-Guerrero
150 Rooster Dr.
Pleasanton, TX 78064
PRO SE

*/s/ Steven J. Owens*
Steven J. Owens

10