IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| APRIL LIZETTE RODRIGUEZ-GUERRERO,<br><br>*Plaintiff*,<br><br>V.<br><br>CAPITAL ONE, N.A.; RESURGENT CAPITAL SERVICES, L.P.; LVNV FUNDING LLC; SCOTT & ASSOCIATES, P.C.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC,<br><br>*Defendants*. | § § § § § § § § § § § § § § | CIVIL ACTION NO. SA-26-CV-01888-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge (ECF No. 90), along with Plaintiff's written objections (ECF No. 94), Defendants' responses (ECF No. 97 & 100) to Plaintiff's objections, and Plaintiff's replies (ECF No. 99 & 101) to Defendants' responses. The Report and Recommendation concerns two motions to dismiss filed by three of the seven named defendants in this case: (1) Defendants Equifax Information Services LLC ("Equifax") and Trans Union LLC's ("Trans Union") Joint Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 66), and (2) Defendant Capital One, N.A.'s ("Capital One") Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (ECF No. 70).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court need

only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed the parties' submissions in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections lack merit. The Court agrees with United States Magistrate Judge Elizabeth S. Chestney that both motions to dismiss for failure to state a claim should be granted because Plaintiff has failed to plead non-conclusory facts establishing that the information reported by Equifax and Trans Union and furnished by Capital One was inaccurate.

The Report and Recommendation recommends that Plaintiff's Second Amended Complaint against Equifax, Trans Union and Capital One be dismissed under Rule 12(b)(6) for failure to state a claim that these Defendants violated the Fair Credit Reporting Act. By way of her objections, Plaintiff attempts to add additional allegations that are absent from her Second Amended Complaint. Fifth Circuit precedent "establishes that issues raised for the first time in an objection to a report and recommendation [are] not properly before the district court . . . ." *Brown v. City of Central.*, No. 23-30146, 2024 WL 546340, at *7 (5th Cir. Feb. 12, 2024) (concluding argument not raised before magistrate judge was forfeited); *see also Nova Scotia Health Emps.' Pension Plan v. McDermott Int'l,*

*Inc.*, No. 24-20326, 2025 WL 2814735, at *5 (5th Cir. Oct. 3, 2025) ("[It] is correct that arguments not raised before objections to a memorandum and recommendation are forfeited before the district court . . . ."). Accordingly, this Court is not required to consider arguments that Plaintiff raises for the first time in her objections. *See McPeak-Torres v. Texas*, No. 12-cv-075, 2015 WL 12748276, at *1 (S.D. Tex. Jan. 22, 2015) ("Because Defendants are not entitled to raise arguments for the first time in their objections to the Magistrate Judge's Report and Recommendation that were not asserted in their Motion, these new arguments are not properly before the Court for consideration."). Moreover, as Judge Chestney notes, Plaintiff "already had two opportunities to amend after being put on notice by Defendants' motions of the possible defects in her pleadings." (ECF No. 90 at 2).

Finally, even considering Plaintiff's new allegations, Plaintiff has still failed to plead non-conclusory facts to show that Equifax or Trans Union reported inaccurate information, or that Capital One provided inaccurate information to various credit reporting agencies ("CRA"). In her objections, Plaintiff relies on alleged inconsistencies across the Defendant CRAs: Equifax, Trans Union and Experian. However, inconsistent information across three credit reports at best indicates a dispute about which version is correct, rather than an objectively verifiable error. *See Allen v. Experian Info. Sols., Inc.*, No. 2:25-CV00404-BLW, 2026 WL 1194818, at *2 (D. Idaho May 1, 2026) (explaining that "when one CRA reports one figure and another reports a different figure, both could be accurate as of different reporting dates, or one could be accurate and the other not" and "[w]ithout an allegation establishing which figure is false, the Court cannot infer inaccuracy from inconsistency alone"); *Verlus v. Experian Info. Sols., Inc.*, No. 23-CV-11426-DJC, 2025 WL 836588, at *4 (D. Mass. Mar. 17, 2025) (finding"allegations of discrepancies of the dates of alleged late payments between the Experian and

Trans Union reports, without more, do not permit an inference that either report contains 'false or materially misleading' information.").

IT IS THEREFORE ORDERED that the Report and Recommendation of the United States Magistrate Judge (docket no. 3) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Defendants Equifax Information Services LLC and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 66) and Defendant Capital One, N.A.'s Motion to Dismiss the Second Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6) (ECF No. 70) are GRANTED and Defendants Equifax Information Services LLC, Trans Union LLC, and Capital One, N.A. are DISMISSED from this suit. Having accepted this Report and Recommendation, the only remaining Defendants are Resurgent Capital Services, L.P.; LVNV Funding LLC; Scott & Associates, P.C.; and Experian Information Solutions, Inc. This case continues to be referred to Magistrate Judge Chestney for further pretrial proceedings.

It is so ORDERED.

SIGNED this 26th day of October, 2026

FRED BIERY
UNITED STATES DISTRICT JUDGE